UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDDY RODRIGO GREGORIO ORDOÑEZ,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

CASE NO. 2:25-cv-02356-JHC

ORDER

## I
### INTRODUCTION

This matter comes before the Court on Petitioner's Motion for Attorney Fees and Costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  Dkt. # 22.  The Court has considered the materials filed in support of and in opposition to the motion, pertinent portions of the record, and the applicable law.  Being fully advised, for the reasons below, the Court DENIES the motion.

## II
### BACKGROUND

Petitioner, a citizen of Guatemala, entered the United States without inspection or parole on or about December 17, 2018, with his father when he was around ten years old.  Dkt. # 12

ORDER - 1

(Decl. of Michelle Lambert, Ex. A, Notice to Appear); Dkt. 13-1 at 2 (Decl. of Eddy Rodrigo Gregorio Ordoñez).  The U.S. Department of Homeland Security (DHS) issued a notice to appear, charging Petitioner as inadmissible under 8 U.S.C. §§ 1182 (a)(6)(A)(i).  *Id*.  He was released from custody along with his father during the pendency of his removal proceedings.  Dkt. # 1 at 6 (Petition).  On February 18, 2020, when he was 12 years old, Petitioner failed to appear for his removal proceedings and an immigration judge ordered him removed in absentia.  Dkt. # 12 (Lambert Decl., Ex. B, Decision); Dkt. # 6 (Petition).

On November 18, 2025, U.S. Customs and Border Patrol (CBP) agents took Petitioner into custody during a surveillance operation targeting a different individual.  Dkt. # 12 (Lambert Decl., Ex. C. Form I-213, at 2; Ex. D, Arrest Warrant).  Petitioner was transferred to ICE custody, and he was detained at the Northwest ICE Processing Center.  *Id.* (Lambert Decl., Ex. C).  Petitioner then filed a petition for habeas corpus, which this Court granted.  *See Gregorio Ordonez v. Bondi*, 2025 WL 3852444 (W.D. Wash. Dec. 19, 2025), *report and recommendation adopted*, 2026 WL 30022 (W.D. Wash. Jan. 5, 2026).  As the Court reasoned, due process required that Petitioner be afforded a hearing before re-detention, regardless of his in absentia order of removal.  2025 WL 3852444, at *4.

Petitioner now moves for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), contending in the main that he is the prevailing party, and that the government's position was not substantially justified.  Dkt. # 22.

### III
#### DISCUSSION

Section 2412(b) of the EAJA provides that, "[u]nless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought . . . against the United States[.]" 28 U.S.C. § 2412(b).  But if a court "finds

ORDER - 2

that the position of the United States was substantially justified or that special circumstances make an award unjust," fees will not be awarded.  28 U.S.C. § 2412(d)(1)(A).

Respondents concede that Petitioner is the prevailing party but contend that their position was substantially justified to defeat the motion for EAJA fees.  Dkt. # 23 at 3–5.  Petitioner argues that Respondents' position lacked substantial justification because the government ignored well-established case law that "the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property."  Dkt. # 22 at 3 (citing *Y.M.M. v. Wamsley*, 2025 WL 3101782, at *2 (W.D. Wash. Nov. 6, 2025) (quotation marks omitted)).  Petitioner cites myriad cases in which other courts in this District granted habeas petitions on the ground that constitutional due process considerations entitle similarly situated petitioners to hearings before re-detention.  *Id.* at 4 (collecting cases).

"To be substantially justified, the government's position must have . . . 'had a reasonable basis in law and fact.'"  *Meza-Vazquez v. Garland*, 993 F.3d 726, 729 (9th Cir. 2021) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)).  "The test is not whether the government was correct, but whether it was 'for the most part' justified in taking the position that it did."  *Id.* "A position that 'was not contrary to clearly established law' is thus substantially justified."  *Id.* (citing *Li v. Keisler*, 505 F.3d 913, 919–20 (9th Cir. 2007)).  The question here is thus whether the government's position—that due process did not afford Petitioner a hearing before his re-detention—was "contrary to clearly established law" at the time.  *Li*, 505 F.3d at 919–20.

Under the circumstances of this case, it cannot be said that the government's position was contrary to clearly established law.  Before 2025, there were few cases addressing whether due process required the government to provide noncitizens with a hearing or other process before re-detaining them.  There were even fewer cases, if any, in which noncitizens had in absentia removal orders, as here.  While Petitioner points to many cases in which courts have since ruled

ORDER - 3

that re-detention requires a hearing beforehand, those decisions are mostly from after the noting date of the habeas petition.  *See* Dkt. # 22 at 4 (collecting cases, of which four pre-date Respondent's December 5, 2025 return memorandum; but none address in absentia removal orders).  One case from this Circuit (uncited by the parties) concludes that a habeas petitioner with an in absentia removal order had a due process right to a pre-deprivation hearing.  *See Khan v. Noem*, 2025 WL 3089352, at *1, 5–6 (E.D. Cal. Nov. 5, 2025).  On the other hand, the government points to a case in which a court in this Circuit concluded that a habeas petitioner with an in absentia removal order, like Petitioner here, was not entitled to a pre-deprivation hearing, but that a post-deprivation hearing would provide sufficient process.  *See Gunes v. Chestnut*, 2026 WL 218879, at *5 (E.D. Cal. Jan. 28, 2026), *report and recommendation adopted*, 2026 WL 498432 (E.D. Cal. Feb. 23, 2026).  Further, the Ninth Circuit has held that "procedural due process does not require that the notice and opportunity to be heard occur before the deprivation," providing colorable support to the government's position.  *Buckingham v. Sec'y of U.S. Dep't of Agr.*, 603 F.3d 1073, 1082 (9th Cir. 2010).

That there is some authority to support the government's position suggests that they did not contravene clearly established law in choosing not to provide Petitioner with a pre-deprivation hearing in this situation.  It simply cannot be said that, when the government opposed the Petition, clearly established law mandated that the government provide noncitizens subject to in absentia removal orders with pre-detention hearings.  Accordingly, Respondents' position was substantially justified, and Petitioner is not entitled to attorney fees under EAJA.

## IV

### CONCLUSION

For the reasons above, the Court DENIES Petitioner's motion.

ORDER - 4

Dated this 19th day of May, 2026.

John H. Chun
United States District Judge

ORDER - 5